KYLE A. STUCKI, ESQ
Nevada Bar No. 12646
**STUCKI INJURY LAW**
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
Phone/Fax   385.210.1234
Kyle@StuckiInjuryLaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RUBEN SANCHEZ-FEDERICO and ESTELA GARCIA-FEDERICO,<br><br>         Plaintiffs,<br><br>vs.<br><br>BENJAMIN DAVIS WARREN; UNITED STATES OF AMERICA, EX REL; and DOES I through X, inclusive,<br><br>         Defendants. | CASE NO.: |

## **COMPLAINT**

COME NOW, Plaintiffs, RUBEN SANCHEZ-FEDERICO and ESTELA GARCIA-FEDERICO, by and through his attorney of record, KYLE A. STUCKI, ESQ., MBA, of STUCKI INJURY LAW, and for their causes of action against Defendants, and each of them, complaint and allege as follows:

///

///

1

# JURISDICTION

1. This action is based upon the Federal Tort Claim Act, 28 U.S.C. ' 1346(b). The acts and/or omissions herein complained of are herein in said judicial district.

2. Plaintiff, RUBEN SANCHEZ-FEDERICO, was at the time of the incident a resident of Clark County, State of Nevada, and of said judicial district.

3. Plaintiff, ESTELA GARCIA-FEDERICO, was at the time of the incident a resident of Clark County, State of Nevada, and of said judicial district.

4. That at all times mentioned herein, Defendant, BENJAMIN DAVIS WARREN (hereinafter referred to as "WARREN"), was an employee of the United States Government and was performing duties on behalf of the United States Government at the time of the incident described herein.  WARREN at all times herein, is and was a resident of the State of North Carolina.

5. This court has in personam jurisdiction over the Defendant UNITED STATES OF AMERICA in that it is a national government UNITED STATES OF AMERICA, EX REL.

6. Pursuant to NRCP 10 (a) *and Nurenberger Hurcles-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOES I through 20 and ROE ENTITIES I trough 20, are Defendants unknown at the present time; however, it is alleged and believed that these Defendants were involved in the initiation, approval, support, or execution or the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which the are presently unaware.  As the

2

specific identities of these parties are revealed through the course of discovery, the Doe/Roe application will be replaced by these parties by their true names and capacities.

7. Pursuant to 28 U.S.C. 2675(a), the claims set forth herein were presented to the United States Department of the Navy, on September 28, 2016, which included the required Form 95, and responded to by the Department of the Navy on October 6, 2016.

8. On or about October 20, 2015, in Clark County, Nevada, Defendant, Warren, was operating a vehicle that collided with a vehicle operated by Plaintiff Ruben Sanchez-Federico and owned by Plaintiff Estela Garcia-Federico.

9. More specifically, the collision occurred at or about 7:05 p.m. on Tuesday, October 20, 2015 on Lamb Boulevard near the intersection with Alto Avenue in Las Vegas, Nevada.

10. At or about this time and location, Plaintiff Ruben Sanchez-Federico was operating a vehicle traveling southbound on Lamb Boulevard near Alto Avenue.

11. At or about this same time and location, Defendant, Warren, was operating a rental vehicle (Enterprise rental vehicle), while in the course and scope of his employment with, while performing duties on behalf of and at the direction of Defendant UNITED STATES OF AMERICA, EX REL, behind the Sanchez-Federico vehicle.

12. The collision occurred when Defendant, Warren, caused the front end of his vehicle to crash into the rear end of the Sanchez-Federico vehicle.

13. At the time of accident described above, Defendant, Warren, was acting within the course and scope of his duties for his employers and/or principals, UNITED STATES OF AMERICA.

14. UNITED STATES OF AMERICA is responsible and liable for the damages sustained by Plaintiffs because of the actions or inactions of its employee and/or agent, Defendant, Warren.

15. UNITED STATES OF AMERICA had a duty to insure its employee, Defendant, Warren, operated the vehicle in a safe and reasonable manner. UNITED STATES OF AMERICA's breach of this duty was the proximate cause of the damages sustained by Plaintiffs.

16. Warren had a duty to operate the vehicle in a safe and reasonable manner. Warren's breach of this duty was the proximate cause of the damages sustained by Plaintiffs.

16. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs were injured and caused to suffer pain and anxiety; further, Plaintiffs were prevented in part from attending to their usual activities.

17. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs were compelled to incur expenses for medical care and treatment, and expenses incidental thereto, all to their damages in an amount to be proven at trial.

18. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs have incurred injuries which are permanent and disabling in nature, and which will cause him to incur future expenses for medical care and treatment, and expenses incidental thereto.

19. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs have been caused to suffer lost wages and/or diminished earning capacity, all to their damages, in an amount to be proven at trial.

20. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiffs have been compelled to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit incurred herein and interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray judgment against the Defendants, and each of them, jointly and severally, as follows:

1. General damages in excess of $10,000.00;

2. Damages for medical expenses in an amount according to proof;

3. Damages for loss of income in an amount according to proof;

4. Damages for property damage-related claims in an amount according to proof;

5. Reasonable attorney's fees and cost of suit; and

6. Any further relief which the court may deem just and proper in the premises.

DATED this 3rd day of October, 2017.

**STUCKI INJURY LAW**

*/s/ Kyle A. Stucki, Esq., MBA*
KYLE A. STUCKI, ESQ., MBA
Nevada Bar No. 12646
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
*Attorney for Plaintiffs*

5